THE PEOPLE OF THE TERRITORY OF UTAH,
RESPONDENT, v. RICHARD J. McCARTY, APPEL-
LANT.

CRIMINAL LAW.—LARCENY.—OWNERSHIP OF PROPERTY.—Under an
indictment charging that the property stolen belonged to the
husband, proof that the property was money furnished by the
husband to the wife and in her hands when stolen supports the
indictment and is not a variance.

APPEAL from a judgment of the district court of the
first district. The opinion states the facts.

*Mr. James N. Kimball*, for appellant.

*Mr. Ogden Hiles* and *Mr. George S. Peters*, for re-
spondent.

ZANE, C. J.:

The defendant has appealed from a judgment of the first
district court sentencing him to imprisonment in Utah
penitentiary for the term of two years and six months, in
consequence of a conviction for the crime of grand lar-
ceny. The indictment charges that the property stolen
belonged, at the time of the theft, to one Frank Camblos.
It appears from the evidence that Camblos resided at Port-
land, Or.; that in September, 1885, he learned of an in-
timacy between his wife, Tillie Camblos, and the defend-
ant, McCarty, and refused to live with her longer; that
they separated in pursuance of an understanding that she
would go to her parents in Kansas, and that he would sue
for a divorce in Oregon after the requisite time should
elapse; that he furnished her with about $1,000 in bank-
bills for her support until that time; that she put the
money in a chamois purse suspended about her neck by a
ribbon, and concealed beneath her clothing; that she
afterwards lived with the defendant, who was a telegraph
operator, at different places, until she died at Ogden on the
19th day of December, 1886. It further appears, from the

evidence, that Mrs. Camblos' nurse saw the chamois purse, concealed as above stated, while the deceased woman was living with defendant at Ogden; that defendant was with her in her last illness; that after her death he sent her trunk containing her clothing to her father; and departed from Ogden before the funeral, and a short time afterwards was arrested at Denver, Colo.; that at the time of the arrest the purse, containing about $300 in bills of the same denomination as those furnished to Mrs. Camblos by her husband, was upon his person. Other evidence also tended to show that this was the same money. In view of such evidence the court announced to the jury the following propositions of law, with others: "If Mr. Camblos owned this money, * * * and his wife agreed to go home, and he allowed her to take it to supply her wants and necessities, it would still be his money, and in case of her death he could reclaim it. On the other hand, if he gave it to her * * * intending to part with the title, and she so understood it, * * * no matter what the form of expression was, it became her property. * * * One of the questions you will determine is whether it was put into her hands for the purpose of support, use and maintenance, or whether it was an absolute gift to her. If it was an absolute gift, it became her property; if not, it remained his." To this portion of the charge defendant excepted, and the giving of it is assigned here as error. The propositions which it contains are—*first*, if the husband furnishes money for the support of his wife, it continues to be his until expended by her; *second*, if he makes an absolute gift of it to her, the money becomes hers.

It is the legal duty of the husband to support his wife, and whether he makes the expenditure for her support himself, or intrusts his means to her for that purpose, the money remains his until the expenditure is made. In one case he pays in person; in the other case, through her agency. The defendant also assigns as error the giving of the following portion of the charge: "If the money belonged to the husband, and his wife had it for the purpose of her support, then it would be constructively in his

possession, * * * and it would be proper to charge it as having been stolen from him." If the husband's property is stolen while in the actual possession of his wife, it is proper to allege that it was stolen from him. "When goods in the possession of a married woman are stolen, they must not be described as her property, but as that of her husband, for her possession is his possession, (2 East, P. C., 652); but where they are the wife's separate property, under 33 & 34 Vict. cc. 5, 9, 11, it is sufficient to allege the property to be her property." Rosc. Crim. Ev. (7th Ed.) 660. To the same effect is Russ. Crimes, (9th Ed.) 287. Under the statutes of this territory the wife's possession of her separate property is not her husband's possession, and, if such property is stolen while in her possession, the theft should be charged as from her; but her possession of his property is his possession, and its theft while in her possession should be charged as from him. And, in law, the husband's money in his wife's hands, for her use, is in his possession, and a theft thereof while in her hands should be charged as from him. Bishop, in his work on Criminal Law, (volume 2, sec. 789,) says that "the law recognizes in things personal two kinds of ownership, general and special. Therefore an article may be stolen from one who is either the general or the special owner of it. For instance, goods in the hands of a bailee may ordinarily be described in the indictment as either the bailee's or bailor's, at the election of him who draws it. And articles of clothing worn by an infant may usually be alleged to belong to the infant or the father, according to such election. So goods stolen from a thief may be charged as the goods of either the thief or the true owner." Under this rule the larceny of money furnished by the husband to be expended for maintenance and support which he had undertaken to provide, while in his wife's hands, may properly be alleged to be his.

We find no error in this record, and the judgment of the court below is affirmed.

Boreman, J., and Henderson, J., concurred.